UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RHONDA REID                                                               Plaintiff

v.                                          Civil Action No. 3:19-cv-800-RGJ

STATE OF KENTUCKY, *et al.*                                Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Rhonda Reid filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff indicates that she is a citizen of the State of Georgia. She names the following as Defendants in this action – "State of Kentucky Attorney General"; Maria Santos of Risk Management Associates, Lexington, Kentucky; Kathy Johnson, "investigator" at Republic Bank & Trust, Louisville, Kentucky; and Michael B. Keene, "owner" of Republic Bank & Trust, Louisville, Kentucky.

Plaintiff states that the basis for this Court's jurisdiction is "diversity of citizenship." However, in the section of the complaint which asks if jurisdiction is based upon a federal question, she writes, "Discrimination and Federal F IRS tax return and tax fraud & federal treaties."

In the "Amount in Controversy" section of the complaint, Plaintiff states, "The amount in controversy is a hundred and twenty thousand dollars I don't owe Kentucky know 120,000 dollars."

In the "Statement of the Claim" section of the complaint, Plaintiff writes as follows:

1) Michael B. Keene. Sent me to prison for 7 years and not the white women owner of the tax service. Tammy Bettis. Defamation and the Controversy of Amount is 120,000 dollars & IRS Federal Tax Return. [Illegible], 2019 Green County. & Tax Fraud. Personal Injury for R.I.C.O.
2) Mario Santos. Personal Injury and Defamation and Discrimination. Sent me to prison for 7 years and not the white women owner of Bettis Tax Service Tammy Bettis. The controversy is in the amount of one hundred and twenty thousand dollars. Slander my name claiming I file a Federal IRS Tax return and Tax Fraud. The date is starting Oct. 29, 2019 for Racketeer.
3) Kathy Johnson. Personal Injury and Defamation and Discrimination. Investigator for Republic Bank & Trust put and Tax Fraud investigation on me. Cause me to do 7 years in Prison for Racketeer Influenced and Corrupt Organizations Act & Not the White Women owner of Bettis Tax Service Tammy Bettis although they say they did lies. My lawsuite 2019- Oct. 29 date.
4) State of Kentucky Attorney General. Personal Injury and Defamation and Discrimination. Kentucky charge me with Tax Fraud & Filing Fraudulent Tax Return with IRS. Cause me to do 7 years in Prison Not the White Women owner of Bettis Tax Service Tammy Bettis. Charge me with the Offense of Violation of the Racketeer Influenced and Corrupt Organizations Act, the date is Oct. 29, 2019 the controversy amount is one hundred and twenty thousand dollars. It's a cover up.

In the "Relief" section of the complaint, Plaintiff states:

I'm claiming Personal Injury Discrimination & Defamation I serve 7 years in prison for nothing and not the White Women Tammy Bettis. A cover up I'm asking for 750 million dollars for pain & suffering for over 20 years every day all day against me and my Family. Because I never filed a fraudulent Federal IRS Tax return.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In light of this standard, the Court finds that the complaint fails to state a claim upon relief may be granted. It contains nothing more than the legal "'labels and conclusions'" deemed lacking by the Supreme Court and repeatedly tenders the same "'naked assertion[s]' devoid of '[sufficient] factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: February 5, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
A961.011